IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHANDER KANT, et al.

v.                                    Civil Action No. WMN-04-3433

BREGMAN, BERBERT, SCHWARTZ &
  GILDAY, LLC, et al.

          *    *    *    *         *    *    *    *         *

CHANDER KANT, et al.

v                                     Civil Action No. WMN-02-2371

BREGMAN, BERBERT, SCHWARTZ &
  GILDAY, LLC

## MEMORANDUM

Before the Court are three motions in these two related
cases: Defendants' Motion to Dismiss in Civil Action No. WMN-04-
3433 (Paper No. 4) and Plaintiffs' Motion for Relief Under Rule
60(b) and Motion to Consolidate in Civil Action No. WMN-02-2371
(Paper Nos. 28 and 29, respectively   The motions are fully
briefed and ripe for resolution   Upon a review of the motions
and the applicable case law, the Court determines no hearing is
necessary (Local Rule 105.6) and that Plaintiffs' motions must be
denied and Defendants' motion to dismiss must be granted.

The two above captioned cases, along with a third case
Kant v. Nagle & Zeller, P.C., Civil Action No. WMN-02-283, arise
out of certain state court proceedings brought against Plaintiffs
and related to rental property Plaintiffs once owned.   In all
three suits, Plaintiffs allege that the law firms that
represented them in those proceedings conspired with various

government officials, court personnel, and even state court judges, to deprive them of their civil rights and property   This Court provided a detailed history of the state court litigation in a previous memorandum   See Civil Action No. WMN-02-2371, June **18  2003**, Memorandum at 1-11   That history need not be repeated here

In the first action brought against Bregman, Berbert, Schwartz & Gilday, LLC (BBSG),[1] Civil Action WMN-02-2371 (BBSG I), Plaintiffs brought claims for violations of their civil rights under 42 U.S.C §§ 1985(3   1986, 1983, 1981, and 1982. The Court dismissed that action in its entirety on June 18, **2003** observing that while the complaint was "ripe with conclusory language regarding the existence of numerous conspiracies and racial animus on the part of almost everyone that came into contact with the Kants, the facts alleged do not support those conclusions." Id. at 9.  This Court also opined that "[i]f the Kants take issue with the manner in which their attorneys represented their interests, the proper course would be to bring suits for malpractice against those attorneys." Id. at 11-12. Plaintiffs appealed this Court's dismissal of BBSG I and the Fourth Circuit affirmed the decision on March 4, **2004** Plaintiffs filed a petition for a writ of certiorari which the

---

[1] In Civil Action No. WMN-04-3433, Plaintiffs also named Daniel Rigterink, one of the attorneys at BBSG,, as a separate defendant.

2

Supreme Court denied on October 4, 2004.

Shortly thereafter, Plaintiffs filed Civil Action No. WMN-02-2371 (BBSG II)   This second action is based upon the identical conduct as alleged in BBSG I, although, in this complaint, Plaintiffs have omitted the allegations of racial and ethnic animus that permeated their claims in the prior suit While Plaintiffs do not identify the precise causes of action they are now trying to bring, they are more of the nature claims of legal malpractice, breach of fiduciary duty, abuse of process, and/or fraud

In moving to dismiss BBSG II, Defendants argue, inter alia, that all of Plaintiffs' current claims are barred under the doctrine of "claim preclusion." Under this doctrine, a "prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." In re Varat Enterprises, Inc., 81 F.3d 1310, 1314-15 (4th Cir. 1996). Rules of claim preclusion also provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented. Id. at 1315. Generally, claim preclusion occurs when three conditions are satisfied:

> 1) the prior judgment was final and on the
> merits, and rendered by a court of competent

3

> jurisdiction in accordance with the
> requirements of due process; 2) the parties
> are identical, or in privity, in the two
> actions; and, 3) the claims in the second
> matter are based upon the same cause of
> action involved in the earlier proceeding.

Under the record as it now stands, these three conditions

clearly satisfied: this Court's dismissal was a judgment on

merits, the parties are identical, and both cases arise out

of the same series of events.  Plaintiffs do not appear to deny

if the Court's order dismissing BBSG I is considered a

"final order," then the claims brought in BBSG II must be barred

To avoid this result and by way of response to the motion to

dismiss, Plaintiffs filed in BBSG I a "Motion for Relief under

Rule 60(b)" in which they "ask the Court to relieve them of the

finality effect of  the] judgment [in BBSG I].   Rule 60(b) Mot.

at 1.  Plaintiffs argue that this Court inadvertently failed to

indicate in the order dismissing BBSG I that the dismissal was

without prejudice.  This error, Plaintiffs claim, deprived them

of the opportunity to amend their complaint to add the factual

allegations necessary to state valid causes of action.

Plaintiffs ask that the Court amend its prior order, consolidate

these two cases and treat the complaint in BBSG II, as the "Last

Amended Complaint" in BBSG I.

Regardless of whether it may have been an error for the

4

Court not to identify the dismissal as "without prejudice,"[2] it is too late at this point to assert such an argument.  While Plaintiffs do not specify the provision of Rule 60(b) under which they bring their motion,  he Court must assume that it is under clause (1   i.e., on account of a "mistake."  Motions brought pursuant to Rule 60(b) must be made "within a reasonable time" and where brought "for reasons  1),  (2), and  3  not more than one year after the judgment, order, or proceeding was entered or taken."  Rule 60(b)   Plaintiffs implicitly acknowledge the applicability of the one year window in which to file their motion, but argue that the window did not open until the Supreme Court's denial of their certiorari petition   See Pls.' Rule 60(b) Mot. at 1  "This motion is filed less than one year after the Order sought to be amended became final, the Supreme Court denied certiorari after plaintiffs' timely appeals.")

    The plain language of the rule, however, states a motion under this clause of the rule must be made "not more than one

_____

[2] The order did not specify whether the dismissal was "with prejudice" or "without prejudice," but simply stated that Defendant's Motion to Dismiss the Amended Complaint "was GRANTED" and that the "action is hereby CLOSED."  The Court notes that the motion to dismiss granted by the Court was BBSG's second such motion.  Defendants' filed a motion to dismiss Plaintiffs' original complaint in BBSG I pointing out the deficiencies in the factual support for Plaintiffs' claims.  Instead of opposing that motion, Plaintiffs filed an Amended Complaint but that Amended Complaint suffered the same infirmities.  Given that Plaintiff had two opportunities to state valid claims, there was no reason for the Court to afford them a third opportunity to attempt to do so.

5

year after the judgment      was entered." Courts and
commentators have interpreted the rule consistent with that plain
language. <u>See</u> <u>Simon v. Navon</u>, 116 F.3d 1, 3  1st Cir. 1997)
(holding that period within which party could seek relief from
final judgment began to run from entry of judgment following
trial, not from date of appellate decision, when the only
judgment placed in issue by motion for relief was not altered by
the appeal ; <u>Bershad v. McDonough</u>, 469 F.2d 1333, 1336 (7th Cir
1972  ("A motion under rule 60(b)(1 , by the terms of the rule
itself, can only be made within one year after the judgment has
been entered.  The taking of an appeal does not extend this one
year period."); 11 Charles Alan Wright, <u>et al.</u>, <u>Federal Practice</u>
<u>and Procedure</u> § 2866  "The one-year limit on motions under the
first three clauses runs from the date the judgment was entered
in the district court."

Because the Court concludes that its June 18, 2003, Order in
<u>BBSG I</u> was and is a final order on the merits, it also must
conclude that Plaintiffs' claims in <u>BBSG II</u> are barred under the
doctrine of claim preclusion.  The Court will, therefore, grant
Defendants' motion to dismiss  A separate order will issue.

William M. Nickerson
Senior United States District Judge

Dated: July 5, 2005

6